UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| THOMAS R. COPE, III and TOMMY TIRE INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 2:11-CV-246 |
| JAMES C. JUSTICE COMPANIES, INC., HARLAN DEVELOPMENT CORPORATION, HARLAN DEVELOPMENT CORPORATION, a Division of Blue Stone Energy West Virginia, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Come the Plaintiffs, **Thomas R. Cope, III and Tommy Tire, Inc. (collectively, "Cope"** in this motion)**,** by and through counsel and pursuant to Fed. R. Civ. P. 55(b)(2), and move this Court for entry of judgment by default, as set forth in the Order entered 10 September 2012 (Order, Docket Item #33) and as described below in this motion.

1. On 10 September 2012, this Court entered an order permitting Garry Grooms, Esq. to withdraw as counsel for the defendants and permitting the defendants thirty (30) days (a) to secure replacement counsel and (b) for replacement counsel to enter a notice of appearance in this matter. (Order, Docket Item #33, p. 1) This Court established a deadline of 8 October 2012 for entry of appearance by replacement counsel for defendants. (Order, Docket Item #33, p. 1)

2. 8 October 2012 was a federal holiday (Columbus Day) and a day on which

-1-

the office of the clerk of this Court was closed. Fed. R. Civ. P. 6(a)(3), 6(a)(6). Consequently, the defendants appear to have had until 9 October 2012 for replacement counsel to appear on their behalf in this Court.

3. More than thirty (30) days have passed since entry of the order on 10 September 2012 and 9 October 2012 also has passed, without any appearance of replacement counsel on behalf of any of the defendants. In accordance with this Court's order of 10 September 2012 (Order, Docket Item #33), consequently, since no attorney entered an appearance on behalf of the defendants by 9 October 2012, a conclusive presumption now exists "that defendants do not intend to obtain another lawyer." (Order, Docket Item #33, p. 2)

4. Further, under the law of Tennessee, the defendant corporations cannot act before this Court without counsel. *Old Hickory Engineering and Machine Co., Inc. v. Henry*, 937 S.W.2d 782, 785-786 (Tenn. 1996) ("a corporation cannot act *pro se* in a court proceeding nor can it be represented by an officer or other non-lawyer agent.") Consequently, no need exists to conduct any hearing on damages: given the conclusive presumption that exists, defendants can no longer take any action before this Court; the amount of damages sought by Cope appears in the pleadings in this matter; and, defendants have no capacity to contest the damages.

5. The least amount of damages to which Cope would be entitled is $363,181.00 for breach of contract, which is an amount certain established by the pleadings. (Complaint ¶14 [Docket Item #01]; First Amended Complaint ¶¶ 14, 21[1]

---

[1] The cited paragraphs of the First Amended Complaint describe the original amount due as $750,000.00 less $386,819.00, or $363,181.00, and go on to allege an additional $750,000.00 due to Cope. For the purpose of this motion, Cope does not

[Docket Item #22])

6. This Court should award Cope prejudgment interest on the judgment amount under Tenn. Code Ann. § 47-14-123: the loss of the use of funds due to Cope has occurred because the defendants have not paid Cope the amount owed him; Cope will not be made whole unless prejudgment interest is awarded. Prejudgment interest should be awarded from March 29, 2010, forward. (*See* First Amended Complaint ¶ 23 [Docket Item #22])

In support of his motion, Cope files with this Motion a memorandum of law (Docket Item #36), which he incorporates by reference in its entirety.

**WHEREFORE**, Cope prays for entry of judgment by default against all of the defendants, jointly and severally, in the amount of Three Hundred and Sixty-Three Thousand and One Hundred and Eighty-One and 00/100s Dollars ($363,181.00) plus prejudgment interest from March 29, 2010, to the entry of judgment, and for such other relief to which Cope may be entitled.

**Thomas R. Cope, III and Tommy Tires, Inc.**
**By their attorneys:**

/s/ F. Braxton Terry (electronic signature made by W. Lewis Jenkins Jr. with permission)
F. Braxton Terry, BPR #018248

Of Counsel:

TERRY, TERRY & STAPLETON
918 West First North Street
P.O. Box 724
Morristown, TN 37815-0724
PH: (423)586-5800

---

pray for the additional $750,000.00, but he expressly states that he does not waive that amount should any further proceedings occur in this matter. At this time and for the purpose of this motion for entry of default judgment only, Cope prays that judgment be entered against the defendants in the amount of $363,181.00.

/s/ W. Lewis Jenkins Jr.
W. Lewis Jenkins Jr. #017423
Electronic mail: ljenkins@tenn-law.com

Of counsel:

Wilkerson Gauldin Hayes Jenkins & Dedmon
112 West Court Street
P.O. Box 220
Dyersburg, TN 38025-0220
Tel. 731.286.2401

## CERTIFICATE OF SERVICE

I hereby certify that on 11 October 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties are served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

The following parties, shown on Docket Item #34 as being served by U.S. Mail, were served by counsel for the plaintiffs with a copy of the foregoing document by U.S. Mail, postage prepaid, (using the service address shown on Docket Item #34), on 11 October 2012:

| | |
|---|---|
| James C. Justice Companies, Inc.<br>c/o Mr. Roger Hunter<br>National Coal LLC<br>106 Lockheed Drive<br>P. O. Box 2178<br>Beaver, WV 25813 | Harlan Development Corporation<br>c/o Mr. Roger Hunter<br>National Coal LLC<br>106 Lockheed Drive<br>P. O. Box 2178<br>Beaver, WV 25813 |

/s/ W. Lewis Jenkins Jr.
W. Lewis Jenkins Jr.