UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

THOMAS R. COPE, III, *ET AL.* )
)
v. ) NO. 2:11-CV-246
)
JAMES C. JUSTICE COMPANIES, INC., )
*ET AL.* )

## REPORT AND RECOMMENDATION

Plaintiffs have moved for entry of a default judgment against the defendants. (Doc. 35). The district judge has referred the motion to the magistrate judge for a report and recommendation.[1] On September 4, 2012, the defendants' then-attorney, Mr. Grooms, moved to withdraw because his clients had refused to pay him; *see*, Document 29. The defendants never disputed attorney Grooms' assertion that they had not paid him, as a result of which his motion to withdraw was granted; *see*, Document 33.

The order that allowed Mr. Grooms to withdraw pointed out to the defendants, all corporations, that they could not represent themselves, and that they would have to retain replacement counsel if they wished to defend this case. They were pointedly told that if no attorney appeared on their behalf by October 8, 2012, it would be conclusively presumed that defendants had no intention of hiring a lawyer and that judgment by default would be entered against them.

---

[1] Doc. 38.

On October 11, the plaintiffs filed their motion for default judgment based upon the failure of the defendants to hire a lawyer.

On November 5, attorney William Campbell of the Nashville Bar filed a response to the motion for default. This response was the first indication to this court that the defendants had retained an attorney and, as is seen, was almost a month after the deadline set by this court's order.

In the response, attorney Campbell said that the defendants simply overlooked their obligation to obtain counsel because they "have been undergoing operational changes in their corporate office." Whatever that means, it is no excuse.

In recognition that a party should be given the opportunity to present its case on the merits, and recognizing further that the only prejudice to the plaintiffs only has been a rather modest delay, it is recommended that the motion for default judgment should be denied.[2]

As a final matter, the magistrate judge again notes that defendants' first attorney, Mr. Grooms, moved to withdraw because the defendants had not paid him, a claim which the defendants never disputed. Firing one's lawyer, or otherwise compelling one's lawyer to move to withdraw is sometimes used to slow down the pace of a lawsuit. In the event the district judge agrees with the recommendation that the motion for default be denied, it is further suggested that the order indicate to the defendants and Mr. Campbell that Mr.

---

[2]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Campbell is now in this case for the long haul since he has agreed to represent the defendants with knowledge of his clients' failure to pay their former attorney.

Respectfully submitted,

s/ Dennis H. Inman  
United States Magistrate Judge